<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MANHATTAN ASSOCIATES, INC. | : |
| Plaintiffs, | : |
| v. | : |
| ROBERT G. RUDERMAN, | : |
| Defendants. | : |

Civ. No. 05-3928 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

      This matter comes before the Court upon a Notice of Call for Dismissal Under Civil Rule 41.1, issued by the Court on October 24, 2006. The Court considered the parties' submissions and made this determination without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this matter is dismissed pursuant to Civil Rule 41.1.

**I. BACKGROUND**

      Manhattan Associates, Inc. ("Plaintiff") filed this action against its former employee, Robert G. Ruderman ("Defendant"), on August 9, 2005. Plaintiff claims that Defendant breached a non-compete agreement and confidentiality obligations when he left the company and accepted employment with a direct competitor, RedPrairie. Defendant was employed by Plaintiff as a sales representative from 2000 to 2005. Plaintiff sought injunctive relief to preclude Defendant from working for RedPrairie, and its motion for injunctive relief was granted in part with respect to the six-month Non-Competition Agreement. This Court's September 19, 2005 order enjoined

Defendant from performing the same duties for RedPrairie that he performed as Plaintiff's employee, which included selling warehouse and labor management software.  Defendant's obligations pursuant to the Non-Competition Agreement expired on January 28, 2006.

The Clerk of this Court issued a Notice of Call for Dismissal Under Civil Rule 41.1, as the case was pending for more than 120 days without any proceeding having been taken.  The Notice of Call for Dismissal stated that this case would be dismissed on November 20, 2006 unless good cause is shown for the failure to prosecute.

## II.  DISCUSSION

### A.  <u>Standard for Rule 41.1 Dismissal of Inactive Cases</u>

According to Local Rule 41.1(a), "[c]ivil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party."  A Court may raise a motion to dismiss an action under Rule 41 *sua sponte* under its inherent case management powers.  <u>See</u> <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31 (1962)(holding "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); <u>see also</u> <u>In re Bluestein & Co.</u>, 68 F.3d 1022, 1025 (7th Cir. 1995); <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 319-20 (5th Cir. 1982).

Although dismissal is an extreme sanction to be used in limited circumstances, <u>United States</u>

of America v. $8,221,877.16 in United States Currency, 330 F. 3d 141, 161 (3d Cir. 2003), dismissal is appropriate if a party fails to prosecute the action.  Fed. R. Civ. P. 41(b); see also L. Civ. R. 41.1(a); Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).  Failure to prosecute does not require that the party take affirmative steps to delay the case.  A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.  Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994); National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 640-41 (1976).

### B. Plaintiff Did Not Set Forth Good Cause for its Failure to Prosecute

In response to the Court's Notice of Call for Dismissal, Plaintiff submitted a brief and affidavit regarding the lack of activity in this case.  Plaintiff claims that after this Court entered the preliminary injunction, Defendant failed to timely answer or otherwise respond to the Complaint. However, because Defendant participated in the preliminary injunction hearing, Plaintiff did not pursue a default against him.  Plaintiff contends that it had nothing to gain by moving for entry of default against Defendant since the Court already granted the preliminary injunction.  Plaintiff also explained that it deposed Defendant and a RedPrairie employee, Timothy Conroy, in January 2006. On January 28, 2006, Defendant's Non-Competition Agreement with Plaintiff expired.

According to Plaintiff, another, separate  matter (RedPrairie Corp. v. Schnorbach, Civ. No. 06-4590) was filed in March 2006 in Minnesota state court by RedPrairie against Peter Schnorbach, a former RedPrairie employee who now works for Plaintiff.  During the course of the Minnesota litigation, Plaintiff claims to have learned that its customer list was circulated internally at RedPrairie while Defendant was employed by them. Plaintiff also claims that there were ongoing settlement

3

negotiations in April 2006, during which Plaintiff communicated a settlement offer to RedPrairie regarding both this and the Minnesota law suits. However, the settlement discussions were unsuccessful and did not continue. Plaintiff claims that discovery is ongoing in both the New Jersey and Minnesota cases, and on October 19, 2006, Plaintiff served a subpoena on RedPrairie as part of the New Jersey action. This subpoena involved information regarding Defendant's current job activities and copies of Plaintiff's customer list that Plaintiff believes may have been circulated at RedPrairie.

Defendant, however, contends that Plaintiff took no action to diligently prosecute this matter from January 2006 (the date of the two depositions) until October 2006 (the date of the subpoena for RedPrairie). Defendant claims that this subpoena was issued two days after the Court in the Minnesota case issued an order denying Plaintiff's motion to quash a subpoena served on Plaintiff in that case. Defendant argues that the timing of the subpoena was not for the legitimate purpose of pursuing discovery in this case, but rather used solely as a tactic in the Minnesota case. Defendant claims that Plaintiff has not sought any documents or served any interrogatories or requests for admissions. According to Defendant, he did not answer the Complaint in this matter due to Plaintiff's failure to properly serve Defendant with a summons.

Plaintiff has failed to put forth good cause as to why this case should not be dismissed for lack of prosecution pursuant to Rule 41.1. Plaintiff's lone subpoena issued after ten months of inactivity in this case does not constitute diligent prosecution. Plaintiff has not pursued any additional discovery aside from the January 2006 depositions and the October 2006 subpoena. Therefore, this Court will dismiss this matter without prejudice for lack of prosecution in accordance with Rule 41.1.

4

**III. CONCLUSION**

For the foregoing reasons, this case is dismissed without prejudice and the matter shall be marked closed.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: December 13, 2006

                                        s/ Garrett E. Brown, Jr.
                                        GARRETT E. BROWN, JR., U.S.D.J.